IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CESAR CARRILLO, SR., and CESAR CARRILLO, JR., on behalf of themselves and a class and collective of similarly situated others, <br><br> Plaintiffs, <br><br> v. <br><br> TOMMY'S REDHOTS, INC., THOMAS GREICO, DONALD GREICO, TOMMY'S 176, INC., DONNY'S 176, INC., TOMMY'S/LAKE IN THE HILLS, LTD., TOMMY'S/CRYSTAL LAKE, LTD., and TOMMY'S/MCHENRY, LTD. <br><br> Defendants. | Case No. 23-17016 |

**COMPLAINT FOR UNPAID OVERTIME PREMIUMS
IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
29 U.S.C. §201 *ET SEQ.*
AND OTHER LAWS**

Plaintiffs, Cesar Carrillo, Sr. and Ceasar Carrillo, Jr., on behalf of themselves and a class of similarly situated others, by and through their attorneys, Aaron B. Maduff, of Barrett & Farahany, and Brandon A. Thomas of the Law Offices of Brandon A. Thomas, complains against the Defendants, Tommy's Redhots, Inc., Thomas Greico, Donald Greico, Tommy's 176, Inc., Donny's 176, Inc., Tommy's/Lake In The Hills, Ltd., Tommy's/Crystal Lake, Ltd., and Tommy's/McHenry, Ltd. as follows:

1

**Introduction**

1. Donald "Don" Greico, runs several restaurants under the umbrella company, Tommy's Redhots, Inc. Plaintiffs and similarly situated others work in the stores cooking and serving hotdogs and other food, serving customers, running cash registers, cleaning the stores, and doing other related duties. Although Mr. Greico has separate corporate entities for each of the stores, they are a single enterprise in that they have a single webpage for all stores (tommysredhots.com), their employees -- including Plaintiffs herein -- are often moved amongst them as necessary to cover all stores, and all are supervised by Defendant Greico. It further represents itself as a "six store, family owned and operated restaurant chain." (https://tommysredhots.com/about-us/)

2. Plaintiffs and other employees are paid a straight time rate for all hours worked irrespective of how many hours they work in a week. For example, Plaintiff Cesar Carrillo, Sr., typically worked 13-hour days, five days a week, but was paid $20 per hour for all hours worked for the last three years with no overtime premiums. Plaintiff Cesar Carrillo, Jr., typically worked 12 hours days, five days a week, but was paid $14 per hour for all hours worked for the last three years until he received a raise to $15 in July of 2023, but he has never received overtime premiums..

3. Defendants have been consistent in this pay practice and have been sued in Federal Court for violations of the Fair Labor Standards Act at least three times including in 2016, 2018, and 2019. Defendants have settled or lost each of these suits. Yet they continue this same practice.

**Parties**

4. Plaintiff, Cesar Carrillo, Sr., (hereinafter "Carrillo, Sr.") is a citizen and resident of the United States of America and of the State of Illinois working for an employer based in the State

of Illinois. Carrillo, Sr. was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), and the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

5. Plaintiff, Cesar Carrillo, Jr., (hereinafter "Carrillo, Jr.") is a citizen and resident of the United States of America and of the State of Illinois working for an employer based in the State of Illinois. Carrillo, Jr. was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), and the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

6. Defendant Tommy's Redhots, Inc, (hereinafter "Tommy's") is a corporation registered and doing business in the state of Illinois. Defendant Tommy's is a joint employer with all other Defendants listed herein. At all relevant times Tommys has been an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

7. Defendant, Thomas Greico (hereinafter "T. Greico") is on information and belief, a citizen and resident of the United States and of the State of Illinois. At all relevant times, Defendant T. Greico was the president and owner of all other Defendants. At all relevant times, Defendant T. Greico approved all decisions about employees pay. At all relevant times, Defendant Greico was an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

8. Defendant, Donald Greico (hereinafter "D. Greico") is on information and belief, a citizen and resident of the United States and of the State of Illinois. At all relevant times, Defendant D. Greico made all decisions about employees pay. At all relevant times, Defendant D. Greico was an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

9. Defendant, Tommy's 176, Inc., is a corporation registered and doing business in the state of Illinois. Defendant Tommy's 176. Inc. is a joint employer with all other Defendants listed herein. At all relevant times Tommys 176, Inc. has been an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

10. Defendant, Donny's 176, Inc., is a corporation registered and doing business in the state of Illinois. Defendant Donny's 176, Inc. is a joint employer with all other Defendants listed herein. At all relevant times Donny's 176, Inc. has been an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

11. Defendant, Tommy's/Lake In The Hills, Ltd., is a corporation registered and doing business in the state of Illinois. Defendant Tommy's/Lake In The Hills, Ltd. is a joint employer with all other Defendants listed herein. At all relevant times Tommy's/Lake In The Hills, Ltd. has been an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

12. Defendant, Tommy's/Crystal Lake, Ltd., is a corporation registered and doing business in the state of Illinois. Tommy's/Crystal Lake, Ltd. is a joint employer with all other Defendants listed herein. At all relevant times Tommy's/Crystal Lake, Ltd. has been an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

13. Defendant Tommy's/McHenry, Tommy's/McHenry. is a joint employer with all other Defendants listed herein. At all relevant times Tommy's/McHenry has been an employer within the meaning of 29 U.S.C. §203(d) and 820 ILCS 105/3.

**Jurisdiction**

14. This court has original jurisdiction of this civil action in that the claims of this Complaint arise under the Constitution and laws of the United States. 28 U.S.C.§ 1331 and 1343 as this case is brought for violations of the United States Fair Labor Standards Act, 42 U.S.C. §201, *et seq*. This court has supplemental jurisdiction over the State claims alleged herein in that such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C.§ 1367.

## Venue

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this District and a significant portion of the acts giving rise to this complaint occurred in this District.

## Facts

### The Restaurants

16. Defendant Greico runs six restaurants under the umbrella of Tommy's Redhots Inc., and its other corporate forms.

17. The company was originally founded by Defendant Thomas Greico, but his son, Defendant Donald Greico, now is in charge of much of the stores' operations.

18. Defendants present the restaurants on the Tommy's Red Hots webpage as follows:

> Tommy's Red Hots in Chicago started serving our customers in the early months of 1980. We have since grown into a six-store, family owned and operated restaurant chain. Dining at Tommy's guarantees you receive personal service, great food, and unbeatable prices.
> https://tommysredhots.com/about-us/

19. Defendants' six stores are located at the following addresses:

   a. 1574 Bloomingdale Rd., Glendale Heights, IL;

   b. 191 Randall Rd., Lake in the Hills, IL;

   c. 500 S. Eastwood Dr., Woodstock, IL;

   d. 363 Viriginia St., Crystal Lake, IL;

   e. 875 E. Terra Cotta Ave., Crystal Lake, IL; and

   f. 4116 W. Elm St., McHenry, IL.

20. The restaurants have a both a dine-in and catering menu offering foods including *inter alia*, hotdogs, burgers, pizza, chicken strips, gyros, submarine sandwiches, and associated side dishes (e.g., french fries and onion rings).

21. Ordering can be done online for all restaurants linked from the same webpage.

Plaintiffs

22. Plaintiffs handle most jobs in the store including preparing food, serving customers, running cash registers, and cleaning.

23. Plaintiffs are often moved from one store to another to cover where necessary.

24. Plaintiff Carrillo, Sr., is a titular manager, but does very little work "managing." Instead, 95% of his time is spent doing the aforementioned service-related work.

25. Plaintiff Carrillo, Jr., is a store worker also doing the aforementioned, service-related work.

26. Members of the putative class are all also doing the aforementioned, service-related work.

27. Plaintiffs are all paid a straight hourly rate for all hours worked including those over 40 in a week. For example:

    a. Plaintiff Carrillo, Sr., typically worked 13-hour days, five days a week, but was paid straight-time for all hours worked for the last three years.

28. Plaintiff Carrillo, Jr., typically worked 11 hours a day, five days a week, but was paid straight-time for all hours worked.

29. Defendants have been sued on several occasions for these same or similar violations including:

    a. *Vargas v. Tommy's Redhots, Inc., et al.* 14-cv-7144, Northern District of Illinois, 2014;

      b.      *Estrada et al v. Tommy's Redhots, Inc., et al.* 16-cv-07083, Northern District of Illinois in 2016; and

      c.      *Garcia-Beltran v. Tomm's Redhots, Inc., et al.*, 19-cv-50060, Northern District of Illinois 2019.

30.    On information and belief, at least one of these cases involved motions for sanctions alleging the failure of one or more Defendants to cooperate in the legal process.

31.    On information and belief, all of these cases settled with Defendants paying some form of recompense to the plaintiffs involved therein.

32.    Despite these cases, Defendants have continued to engage in the illegal pay practices which led to the prior cases, and which have now lead to the present action.

33.    On information and belief, Defendants continue to engage in the illegal pay practices because despite the lawsuits filed against them and the potential for future lawsuits, they have made the determination that it remains more profitable to continue to engage in the illegal pay practices than to adjust their pay practices to conform to the law.

Collective Allegations

34.    Plaintiffs bring this action on behalf of themselves and a collective defined as "all employees working for defendant since January 1, 2021 who were paid straight time for one or more overtime hours."

35.    The claims of all putative members of the collective are similar and reflected in the allegations provided in paragraphs 1-3 and 16-32 herein.

Class Allegations

36. Plaintiffs bring this action on behalf of themselves and a class defined as "all employees working for defendant since January 1, 2021 who were paid straight time for one or more overtime hours.

37. On information and belief, the proposed class contains 30-50 members.

38. There are questions of law or fact common within each of the classes, which common questions predominate over questions affecting only individual members. In particular this includes *inter alia*:

 a. The work done by the employees;

 b. The pay practices; and

 c. The motivations for Defendants' continued violation of the law.

39. The individual Plaintiffs herein who seeks to represent the classes will fairly and adequately protect the interests of the classes. They are knowledgeable about the problem and are capable of providing facts and testimony on behalf of the class.

40. The undersigned counsel has among them class action experience and will provide the necessary expertise to represent the class.

41. Moreover, prosecuting separate actions could result in varying adjudications with respect to individual class members could create inconsistent results.

42. Defendant continues to operate in violation of the law.

43. Because Defendant has continued to operate in violation of the law despite having been sued and resolved several such cases, injunctive relief is needed from this Court to require Defendants to pay all employees appropriately under the law.

44. The common questions of law and fact so predominate over any potential questions affecting individual members that a class action is the superior method of adjudicate this controversy over all others.

## COUNT I

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE THE UNITED STATES FAIR LABOR STANDARDS ACT 29 U.S.C. §201 *et seq.*

45. Plaintiffs for themselves and a collective of similarly situated others, restate and realleges paragraphs 1 through 44 as paragraph 45 of this Count I.

46. By virtue of the foregoing, Defendants have failed to properly pay Plaintiffs and similarly situated others all overtime premiums owed.

47. As a result of these violations, Plaintiffs and similarly situated others have suffered lost wages.

48. Defendants' violations are willful requiring the application of a three-year statute of limitations.

49. Defendants' continued violations of the law despite having been sued several times for the same violations demonstrates the need for injunctive relief from the Court.

WHEREFORE, Plaintiffs, Cesar Carrillo, Sr., and Cesar Carrillo, Jr., on behalf of themselves and a collective of similarly situated others defined in the forgoing, respectfully requests that this Honorable Court enter judgment in their favor and against Defendants jointly and severally and award the following relief jointly and severally:

a) A declaration that Defendants have violated the Fair Labor Standards Act;

b) An award of the overtime premiums not paid to them during the last three years;

    c) An award of liquidated damages to each such individual equal to the unpaid premiums owed to them;

    d) Injunctive relief prohibiting Defendant from violating the Fair Labor Standards Act in the future under pain of a contempt citation from this Court;

    e) An award of attorney's fees and costs; and

    f) All such other relief this Court deems just.

## COUNT II

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE THE ILLINOIS MINIMUM WAGE LAW
### 820 ILCS 105/4(a)

50. Plaintiffs for themselves and on behalf of a class of similarly situated others, restate and realleges paragraphs 1 through 44 as paragraph 50 of this Count II.

51. By virtue of the foregoing, Defendants have failed to properly pay Plaintiffs and similarly situated others all overtime premiums owed.

52. As a result of these violations, Plaintiffs and similarly situated others have suffered lost wages.

53. Defendants' violations are willful requiring the imposition of punitive damages.

54. Defendants' continued violations of the law despite having been sued several times for the same violations demonstrates the need for injunctive relief from the Court.

WHEREFORE, Plaintiffs, Cesar Carrillo, Sr., and Cesar Carrillo, Jr., on behalf of themselves and a collective of similarly situated others defined in the forgoing, respectfully requests that this Honorable Court enter judgment in their favor and against Defendants jointly and severally and award the following relief jointly and severally:

g) A declaration that Defendants have violated the Illinois Minimum Wage Law;

h) An award of the overtime premiums not paid to them during the last three years;

i) An award of treble damages to each such individual equal to twice the unpaid premiums owed to them;

j) An award of interest at the rate of 5% per month;

k) Injunctive relief prohibiting Defendant from violating the Fair Labor Standards Act in the future under pain of a contempt citation from this Court;

l) An award of attorney's fees and costs; and

m) All such other relief this Court deems just.

Respectfully submitted,

Cesar Carrillo, Sr., and Cesar Carrillo, Jr.

By: s/ *Aaron B. Maduff*
One of their Attorneys

| | |
|---|---|
| Aaron B. Maduff | Brandon A. Thomas |
| Atty. No. 6226932 | Atty. No. 6333620 |
| Barrett & Farahany | Law Offices of Brandan A Thomas |
| 77 W Wacker Dr. | 1 Glenlake Parkway, N.E. |
| Suite 4500 | Suite 650 |
| Chicago, IL 60601 | Atlanta, GA, 30328 |
| (312) 800-8581 | (678) 862-9344 |
| Aaron@justiceatwork.com | Brandon@overtimelaimslawyer.com |