IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CESAR CARRILLO, SR., and CESAR CARRILLO, Jr., on behalf of themselves and a class and collective of similarly situated others,<br><br>  Plaintiffs,<br><br>v.<br><br>TOMMY'S REDHOTS, INC., *et al.*<br>  Defendants. | Case No. 3:24-cv-50117 |

### JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

COMES NOW, Plaintiffs and Defendants, who jointly move the Court to approve the settlement in this case, and dismiss above-captioned action (the "Lawsuit") with prejudice.

**I.    NATURE OF THE CASE**

Defendants own and operate restaurants that do business as "Tommy's Red Hots," and have six different locations in Illinois. Plaintiffs worked in Defendants' companies as cooks and managers. Plaintiffs allege that Defendants failed to pay them overtime wages for all hours worked in excess of 40 hours, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. Plaintiffs' Complaint (Doc. 1 at 5-6), lays out the basis for these claims. This Court granted conditional certification (Doc. 28), and several plaintiffs have opted into the case.

Defendants deny that they have violated the FLSA, and contend that to the extent there was a failure to pay overtime wages, it was done in good faith. However, to avoid further protracted litigation, the Parties have decided to enter into a Settlement Agreement (Doc. 99-1), whereby the

claims of Plaintiffs are resolved, and Defendants are released from any and all claims by Plaintiffs.

## II. MOTIVATION FOR SETTLMENT

The Parties conducted a settlement conference on February 12, 2025, with U.S. Magistrate Judge Laura K. McNally. The Parties were able to agree to the essential terms of an agreement before Judge McNally, and later executed a written Settlement Agreement (Doc. 99-1).

Settlement reduced the risk on both sides, and allowed the Parties to resolve the case with mutually amicable terms. The Parties have worked to resolve this case without protracted litigation, and notwithstanding their respective positions, they have concluded it is in the best interests of all parties to compromise and settle their disputes in order to avoid the expense and inconvenience of further proceedings. Defendants deny all liability, but agree to make certain payments to Plaintiffs in order to finally resolve the Lawsuit and to pay Plaintiffs' attorney the reasonable fees and costs of litigation.

In arriving at the settlement amount, the Parties examined pay records prepared by Defendants related to Plaintiffs and considered these records along with other factors, which they believed would bear on the outcome of Plaintiffs' claim. After considering all these factors, the Parties calculated an amount which they believe will substantially compensate Plaintiffs for the overtime wages they could recover at trial.

The Parties chose to negotiate the total amount of the settlement to bring this matter to a close. Settling now is an advantage to Plaintiffs, since it allows Plaintiffs to recover money now, rather than waiting an extended period of time after the Court rules on a motion for summary judgment or the matter is resolved at trial. Only after the Parties agreed to the total amount of damages to be paid to the Plaintiffs, did Plaintiffs and their counsel consult privately and with

privilege, and determine an amount of attorney's fees and litigation expenses to be paid to Plaintiffs' counsel and the damages payments to Plaintiffs.

This settlement is on behalf of named plaintiffs Cesar Carrillo, Sr. and Cesar Carrillo, Jr., and opt-in plaintiffs Jacob Rosenbach and Jesus Alfredo Gonzalez Troncoso.[1]

### III. TERMS OF THE SETTLEMENT

The proposed settlement has been attached to this motion as Exhibit 1. The total settlement is for **$70,000.00**.[2] A total of $30,000.00 will be provided to Plaintiffs, which compensates them for their overtime wage claim under the FLSA. Pursuant to the settlement, Plaintiffs' counsel will receive $40,000.00 in attorney's fees and costs.[3] Defendants have no objection to Plaintiffs' requested attorney's fees and costs.

The Parties have agreed that Defendants will be allowed to pay the settlement over a period of three months, in three equal monthly installments. The Parties agreed to jointly request that this Court retain jurisdiction to ensure the terms of the settlement are complied with, and also that Defendants will pay Plaintiffs' reasonable attorney's fees for actions taken to enforce the terms of the settlement.

### IV. ARGUMENT AND CITATIONS OF AUTHORITY

In the context of a private lawsuit brought by an employee against an employer under the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated

---

[1] The claims of the remaining six opt-in plaintiffs have been terminated due to lack of merit or non-participation in the action.
[2] *See* Settlement Agreement (Doc. 99-1 at 1), para. 1.
[3] *Id*. at 1-2, paras. 1-2.

3

judgment approving the fairness of the settlement. *Roberts v. Apple Sauce, Inc.*, WL 4804252, 1 (N.D. Ind. Sept. 25, 2014); *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 994–95 (N.D. Ind. 2010); *Butler v. American Cable & Telegraph, LLC*, WL 4729780, 9 n. 9 (N.D. Ill. 2011); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). As the Eleventh Circuit explained in *Lynn's Food Stores*:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employee provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching, if a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In this case, after extensive settlement negotiations, the Parties reached an amicable resolution of Plaintiffs' claims. Prior to reaching settlement, the Parties analyzed Plaintiffs' job duties, time, pay, and scheduling records. The Parties agree that the settlement represents a fair and reasonable compromise of the disputed legal and factual issues in this case and now jointly request that this Court approve it.

In addition, all parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties' respective counsel are experienced wage and hour litigators and believe this settlement is fair and reasonable in light of the strengths and weaknesses of the Parties' claims and defenses and the risks of continued litigation. The Parties' proposed settlement is the result of extensive, arm's-length negotiations and is not the

result of collusion. Plaintiffs wholeheartedly supports this settlement, as do their counsel. Additionally, Plaintiffs' counsel has actually incurred substantially more attorney's fees than the $40,000.00 amount in the settlement. Additionally, Plaintiffs' counsel has exercised good billing judgment by not billing for several tasks in this litigation, and cutting their own fees for any excessive time spent. Lastly, the fact that the settlement terms were negotiated with the aid of U.S. Magistrate Judge McNally, lends further support to the reasonableness of the settlement and fairness to the involved parties.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court approve the Settlement Agreement entered into between the Plaintiffs and Defendants. The Parties also request that the Court dismiss this action with prejudice, but retaining jurisdiction to enforce the Parties' Settlement Agreement (Doc. 99-1). A proposed order is attached to this filing for the Court's consideration.

Dated: March 12, 2025

        Respectfully submitted,

        s/ Brandon A. Thomas
        Brandon A. Thomas
        IL Bar No. 6333620
        The Law Offices of Brandon A. Thomas, PC
        1 Glenlake Parkway, Suite 650
        Atlanta, GA 30328
        Phone: 678-862-9344
        brandon@overtimeclaimslawyer.com
        Counsel for Plaintiffs

        s/ Lance C. Ziebell
        Lance C. Ziebell
        Counsel for Defendants

Lavelle Law, Ltd.
1933 North Meacham Road, Suite 600
Schaumburg, Illinois 60173
Phone: 847-705-7555
lziebell@lavellelaw.com
Counsel for Defendants